IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN SWENSON,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO, JANICE JACKSON, and DEBRA NIKOKAVOURAS,<br><br>Defendants. | Case No. 20-cv-06558<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

John Swenson, a Chicago Public Schools teacher, brings this employment discrimination action against the Board of Education of the City of Chicago, Dr. Janice Jackson, and Deborah Nikokavouras. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons given below, the Motion to Dismiss [12] is granted in part and denied in part.

### I. Background

The following factual allegations are taken from the Amended Complaint (Dkt. 11, "Am. Compl.") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

John Swenson is an employee of the Board of Education, school district number 299, and tenured teacher at McPherson Elementary School. Am. Comp. ¶¶ 1-2, 10. Debra Nikokavouras was employed by the Board of Education as the Principal of

1

McPherson. *Id.* at ¶ 5. Dr. Janice Jackson was the CEO of CPS. *Id.* at ¶ 6. Swenson was the music teacher at McPherson for six years. *Id.* at ¶ 10. Swenson says that he was meeting work expectations. *Id.* at ¶ 12. However after learning that Swenson reported her to the Office of Inspector General (OIG) for financial fraud, Nikokavouras reassigned Swenson's teaching assignment from music teacher to special education teacher despite the fact that he had no experience as a special education teacher. *Id.* at ¶¶ 10, 13. She also made false accusations of misconduct against Swenson that resulted in several disciplinary investigations that are contained in his personnel file. *Id.* at ¶ 15.

Swenson, a gay white male who is 60 years of age, further alleges that Nikokavouras refused to investigate his complaints that students were making hostile and ignorant comments about his status as a gay man. *Id.* at ¶¶ 56, 83. He also alleges that Nikokavouras made comments referencing his age, and that his music teacher position was filled by a younger, less experienced and less qualified individual. *Id.* at ¶¶ 45, 48. Swenson filed a charge with the Equal Employment Opportunity Commission (EEOC) on April 6, 2020, and the EEOC issued its right to sue letter on August 25, 2020. *Id.* at ¶¶ 16, 18.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above

2

the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III. Analysis**

Swenson brings claims for: (Count One) violation of the Illinois Whistleblower Act; (Count Two) breach of contract; (Count Three) violation of the ADEA and Illinois Human Rights Act; (Count Four) violation of Title VII (discrimination based on

3

sexual orientation, age and retaliation for protected activity); (Count Five) violation of the Illinois Civil Rights Act; (Count Six) violation of Title IX; (Count Seven) violation of 42 U.S.C. § 1983; (Count Eight) violation of Title VII (hostile work environment based on sexual orientation, age and retaliation); and (Count Nine) intentional infliction of emotional distress. Defendants seek dismissal of Swenson's Amended Complaint in its entirety with prejudice.[1]

**A. Title VII Claims**

Defendants argue that Swenson did not exhaust his claims under Title VII of the Civil Rights Act , 42 U.S.C. 2000e *et seq*. (Counts Four and Eight). Swenson's Title VII claims allege discrimination based on sexual orientation, age[2] and retaliation for engaging in protective activity.

It is well settled that a "plaintiff generally cannot bring a claim in [a] lawsuit that was not alleged in the EEOC charge." *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008). "This exhaustion rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved." *McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 902 (N.D. Ill. 2011) (citation omitted). Swenson's EEOC charge (Dkt. 1-1) alleged

---

[1] Swenson agreed to dismiss the Individual Defendants from claims under the ADEA, Title VII, Title IX, IHRA, and ICRA.

[2] In his Title VII claims, Swenson refers to age discrimination, but Title VII prohibits discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a). His age discrimination claims are properly brought under ADEA and the Illinois Human Rights Act in Count Three.

4

only age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 623. He has failed to exhaust discrimination or hostile work environment claims based either sexual orientation or retaliation for engaging in protected activity.

In response, Swenson relies on *Fort Bend Cty., Texas v. Davis,* in which the Supreme Court held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." 139 S. Ct. 1843, 1851, 204 L. Ed. 2d 116 (2019). In that case after filing an EEOC charge, while the charge was pending, plaintiff was fired and thus tried to supplement her EEOC charge on an intake questionnaire to allege religious discrimination. The district court dismissed the religious discrimination claim for lack of jurisdiction. The Supreme Court affirmed the Fifth Circuit, which had reversed the district court, holding that Title VII's charge-filing requirement is not jurisdictional. Swenson does not argue that he attempted to amend or supplement his EEOC charge. Moreover he does not cite any authority that there has been a change in the general rule that a plaintiff generally cannot bring a claim that was not alleged in his EEOC charge.[3]

Swenson has not exhausted his administrative remedies for the Title VII claims. Counts Four and Eight are dismissed.

---

[3] *Blount v. Stroud*, 232 Ill. 2d 302, 904 N.E.2d 1 (2009), cited by Swenson, is an Illinois state court case that did not involve an EEOC charge and instead dealt with the Illinois court's subject matter jurisdiction over plaintiff's federal claim. That is not the issue here.

**B. Adverse Employment Action**

For a number of the claims, Defendants argue (and Swenson does not dispute), that Swenson must allege an adverse employment action. However the Court disagrees with Defendants' narrow view of "adverse employment action" especially at this pleading stage. The Seventh Circuit has adopted a broad definition of "adverse employment action." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). "Although a reduction in monetary benefits is one form of adverse employment action, the Seventh Circuit has broadly defined an adverse employment action and has held it can encompass other forms of adversity." *Hickman v. Family Dollar, Inc.*, 2021 WL 4401498, at *5 (N.D. Ill. Sept. 27, 2021) (cleaned up); *see also Levy v. Wilkie*, 841 F. App'x 987, 994 (7th Cir. 2021) (reassignment with significantly different responsibilities was materially adverse action).

Swenson alleges that he was reassigned from music teacher to special education teacher, a position he had no experience in, and that the principal also retaliated against him by initiating several disciplinary actions that are in his personnel file. Am. Comp. ¶ 15. He claims that he was reassigned so that he would underperform, setting him up to be fired. *Id*. at ¶ 83. In addition he claims that his performance improvement plan (PIP) resulted in severe emotional distress and damage to his personal and professional reputation. *Id*. at ¶ 53. In response Swenson explains that his theory of adverse action is that his career prospects are significantly reduced and that his workplace environment has been significantly altered. Swenson has pled enough to give rise to a reasonable inference that Defendants' actions against him

6

were materially adverse. Whether the facts in this case will *prove* an adverse employment action is a different question.[4]

**C. ADEA and IHRA**

Swenson claims that Defendants discriminated against him because of his age. Under the ADEA, it is unlawful for an employer to discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The Illinois Human Rights Act (IHRA) 775 ILCS 5/1-101, *et seq.*

> secure[s] for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

775 ILCS 5/1-102(A). Defendants argue that Swenson fails to state a disparate impact claim or an age discrimination claim.

First to "adequately put forth a disparate impact [ADEA] claim, a plaintiff must allege that defendant's policies or practices are facially neutral but effectively discriminatory and thereby violate an anti-discrimination statute." *Turner v. Jewel Food Stores, Inc.*, 2005 WL 3487788, at *2 (N.D. Ill. Dec. 21, 2005) (citation omitted).

---

[4] The cases cited by Defendants to support their argument that Swenson has not pled an adverse employment action were all decided on summary judgment. *Washington v. Illinois Dep't of Revenue*, 420 F.3d 658 (7th Cir. 2005); *Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060 (7th Cir. 2012); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892 (7th Cir. 2003); *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866 (7th Cir. 2016); *Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792 (7th Cir. 2014); *Nichols v. S. Illinois Univ.-Edwardsville*, 510 F.3d 772 (7th Cir. 2007).

In *Turner* the plaintiff identified specific employment practices. Swenson has not identified an employment practice that would give rise to a disparate impact claim. His complaint did not reference the CPS non-discrimination manual, and although he referenced it in his response brief, he does not explain how that manual supports his disparate impact claim. *See Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived.").

However Swenson has sufficiently stated an age discrimination claim. "The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017).[5] Swenson's allegations give rise to the inference that he was reassigned because of his age. Am. Comp. ¶¶ 44-51. Swenson may proceed on his age discrimination claims under the ADEA and IHRA (Count Three) based on a disparate treatment theory only.

**D. Title IX**

Title IX provides: "No person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Other than Defendants' argument that Swenson failed to allege an adverse employment action (addressed above), their only argument as to the Title IX claim is

---

[5] Again, Defendants cite cases decided on summary judgment. *E.g. Seymour-Reed v. Forest Pres. Dist. of DuPage Cty.*, 752 F. App'x 331, 332 (7th Cir. 2018).

that that claim is preempted by Title VII. The Court has dismissed the Title VII claims, and so Swenson's Title IX claim (Count Six) survives.

**E. IWA and ICRA**

Under section 15(b) of the Illinois Whistleblower Act, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b). Under 740 ILCS 174/30 of the Act, an employee can seek "all relief necessary to make the employee whole, including but not limited to the following, (1) reinstatement with the same seniority status that the employee would have had, but for the violation; (2) back pay, with interest; and (3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees."

Defendants argue that Swenson suffered no recoverable damages under the IWA. Swenson alleges he was reassigned to a less desirable position and suffered severe emotional distress. Am. Comp. ¶¶ 47, 53, 58, 70. Under Illinois case law, compensatory and emotional distress damages are permitted. *See Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 80, 30 N.E.3d 631, 649 (affirming jury award of actual and emotional damages in IWA case and explaining that the damages determination is a question for the trier of fact); *Davis v. City of Chicago*, 2020 IL App (1st) 182551-U, ¶ 2, appeal denied, 147 N.E.3d 687 (Ill. 2020) (jury awarded compensatory and emotional distress damages in IWA case). Further

factual development will reveal if Swenson is entitled to these damages but for now his IWA (Count One) claim under section 15(b) survives.[6]

As to his Illinois Civil Rights Act (ICRA) claim, Defendants argue it must be dismissed as duplicative of the Title VII claim. However the Court has dismissed the Title VII claim, so the ICRA (Count Five) claim survives. The Court also notes that this claim is based on allegations that Nikokavouras made racially derogatory comments. This is not duplicative of Swenson's Title VII claims.

**F. IIED**

Defendants argue that the IHRA preempts Swenson's IIED claim. The IHRA preempts all state claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006) (citation omitted). *See also Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017).

Swenson argues that the Illinois Worker's Compensation Act does not preempt his claim but does not address Defendants' argument about IHRA preemption. Swenson's lack of response to this argument results in waiver. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("The obligation to raise the relevant arguments rests squarely with the parties ... If [judges] are given plausible reasons

---

[6] Defendants argue that qualified immunity shields the Individual Defendants from suit. (The Court need not address the immunity argument as to the Section 1983 claim since that claim is dismissed). Defendants' argument as to the IWA claim seems to rely on the Illinois Tort Immunity Act (TIA), 745 ILCS 10/2-201. The Court declines to dismiss based on the TIA at this stage. *See Khan v. Bd. of Educ. of Chi.*, 2018 WL 6192186, at *7 (N.D. Ill. Nov. 28, 2018) (denying motion to dismiss retaliatory discharge claim because the Tort Immunity Act is an affirmative defense "that requires a fact-intensive inquiry that 'must be made on a case-by-case basis.'") (citations omitted).

for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (cleaned up); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (waiver applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). Swenson's IIED claim (Count Nine) is dismissed.

### G. Section 1983

Count Seven of the amended complaint alleges "Violation of 42 U.S.C. § 1983". "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L. Ed. 2d 114 (1994) (citation omitted). Count Seven refers to a custom, practice or policy by the Board of Education but the amended complaint does not contain any allegations to state a *Monell* claim. The unconstitutional act complained must be "caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2010); *see also Carmona v. City of Chicago*, 2018 WL 306664, at *2 (N.D. Ill. Jan. 5, 2018) ("a plaintiff pursuing a widespread practice claim generally must allege more than one, and sometimes more than three, instances of misconduct."). Swenson's response brief on this issue is again underdeveloped. *See Shipley*, 947 F.3d at 1063 (underdeveloped, cursory arguments waived).

11

In a footnote to his response brief, Swenson states his "constitutional rights to due process and equal protection were violated," and asks for the asks for the opportunity to amend. (Dkt. 16 at 6, n.4). Swenson's amended complaint does not allege an equal protection or due process violation. For the reasons explained below, the Court will not permit another amendment. Count Seven is dismissed.

**H. Breach of Contract**

Swenson generally alleges that Defendants breached "Board policy." Defendants argue that the Board of Education's Harassment Policy explicitly disclaims contract formation and thus Swenson's breach of contract claim fails.

"Under Illinois law, an employee handbook...creates enforceable contractual rights if the traditional requirements for contract formation are present." *Bradley v. Wolf Retail Sols. I, Inc.*, 443 F. Supp. 3d 959, 961 (N.D. Ill. 2019) (cleaned up).

> First, the language of the [handbook] must contain a promise clear enough that an employee would reasonably believe that an offer has been made. Second, the [handbook] must be disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer. Third, the employee must accept the offer by commencing or continuing to work after learning of the [handbook].

*Id.* (citations omitted). Swenson responds that his "counter exhibit A (the December 2020 OIG response) demonstrates that the BOE intends for its employees be bound by the policy." (Dkt. 16 at 15). However Swenson does not explain how any of the requirements under Illinois law related to employee handbooks as contracts are met in this case. Moreover the explicit disclaimer language in the Policy (Dkt. 12-1) undermines Swenson's position that there was an enforceable contract. *See Doe v. First Nat. Bank of Chicago*, 865 F.2d 864, 873 (7th Cir. 1989) ("We fail to see how a

12

document which clearly disclaims in unambiguous language any purpose to bind the parties can constitute 'a promise clear enough that an employee would reasonably believe that an offer has been made.'") (citation omitted). Count Two is dismissed.

**I. Leave to Amend**

In his response brief, Swenson requests leave to amend but fails to explain how he will cure the defects in his amended complaint. In addition Swenson has already had one opportunity to amend in this case. "Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not…suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing." *Haywood*, 887 F.3d at 335.

**IV.  Conclusion**

For the stated reasons, Defendants' Motion to Dismiss [12] is granted in part and denied in part. Counts Two, Four, Seven, Eight and Nine are all dismissed with prejudice. The remaining claims are the IWA claim (Count One, against the Board of Education and the Individual Defendants), ADEA and IHRA claims (Count Three, against the Board of Education), ICRA claim (Count Five, against the Board of Education), and Title IX claim (Count Six, against the Board of Education).

E N T E R:

Dated: October 12, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge